UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE SANTIAGO DE ROSAS GUTIERREZ,

Petitioner,

v.

FERETI SEMAIA et al.,

Respondents.

Case No. 5:26-cv-01181-HDV-ACCV

**ORDER GRANTING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION**

## I.      INTRODUCTION

Petitioner Jose Santiago De Rosas Gutierrez filed a Petition for Writ of Habeas Corpus on March 13, 2026 ("Petition").  [Dkt. 1].  On the same day, Petitioner filed an Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction to release Petitioner from detention or, in the alternative, to require Respondents to provide him with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days ("Motion").  [Dkt. 4].  The Court granted the Motion in part, enjoining Respondents from transferring, relocating, or removing Petitioner outside of the Central District of California, and set a briefing schedule and hearing as to whether a preliminary injunction should issue.  [Dkt. 5].  Respondents filed a partial Opposition on March 17, 2026, stating that "Petitioner appears to be a member of the *Bautista* Bond Eligible Class."  Opposition at 2 [Dkt. 7].  Petitioner filed a Reply on March 19, 2026.  [Dkt. 9].

The Court held a hearing on the Motion on March 20, 2026.  During the hearing, the Court orally granted the Motion and ordered Petitioner to be released from detention immediately.  *See* Minutes of Hearing as to Whether Preliminary Injunction Should Issue [Dkt. 10].  This written Order provides further explanation for the Court's oral order.

## II.     BACKGROUND

Petitioner is a 64-year-old Mexican national who has lived and worked in the United States since he arrived over 35 years ago.  Motion ¶ 5.  He works in the tile and stone industry and is the primary financial support for his household.  *Id*. ¶ 6.  He has no criminal history, and Respondents confirmed as such during oral argument on this Motion.  *See id*.  In the early 2000s, Petitioner "attempted to legalize his status through employer-sponsored labor certification filings," but that process was never completed.  *Id*. ¶ 7.

On February 11, 2026, an ICE agent detained Petitioner as he was leaving his home to go to work.  *Id*. ¶ 8.  The agent told Petitioner he "had no legal status" and would be punished if he did not comply.  *Id*.  Petitioner was first transported to Santa Ana, then to the Adelanto ICE Processing Center where he was detained without being provided with a bond hearing.  *Id*. ¶¶ 8–10.  He filed this Petition over a month later.

1

**III.    LEGAL STANDARD**

The standard for issuing a preliminary injunction is the same as that for issuing a temporary restraining order.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  To prevail on such a motion, the movant must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent the temporary restraining order, (3) the balance of equities tips in his favor, and (4) a temporary restraining order is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024).  Where the non-movant is a government entity, "the third and fourth factors ... merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).  In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale such that "a stronger showing of one element may offset a weaker showing of another." *Id*. at 684 (citation omitted).  "When the balance of equities 'tips sharply in the plaintiff's favor,' the plaintiff must raise only 'serious questions' on the merits—a lesser showing than likelihood of success." *Id*. (citation omitted).

**IV.    DISCUSSION**

> **A.    Likelihood of Success**

> > **1.    Violation of Immigration and Nationality Act**

Despite Respondents' partial Opposition acknowledging that "Petitioner appears to be a member of the *Bautista* Bond Eligible Class," Opposition at 2, Respondents have failed to provide Petitioner with a bond hearing, either before or promptly after detention.  Instead, Respondents detained Petitioner without any process for over a month, ostensibly under the reasoning that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b).

The vast majority of courts across the country—analyzing the test, structure, agency application, and legislative history of Sections 1225 and 1226—have found that Section 1225(b) does not apply to individuals, like Petitioner, who were arrested in the interior of the United States after having already been present in the United States for some time.  *See, e.g., Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32, judgment entered, 2025 WL

2

3678485 (C.D. Cal. Dec. 18, 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025).[1]  The Court is disturbed by Respondents' clear application of the wrong statute in justifying their continued detention of Petitioner without providing a bond hearing.  No basis for refusing to comply with the *Bautista* judgment existed as of Petitioner's detention on February 11, 2026, and Respondents offer no reason for their lack of compliance sooner.  Respondents only acknowledged their violations of Petitioner's statutory rights because Petitioner was fortunate enough to find an attorney who could file a habeas petition on his behalf.  Because Petitioner's detention without a bond hearing is clearly in violation of the law, he is therefore likely to succeed on his claim that his detention is a violation of the Immigration and Nationality Act.  *See* Petition at 21–22.

Moreover, Respondents have identified no valid basis for Petitioner's continued detention.  To the contrary, Petitioner has no criminal history and has lived as a contributing member of society in the United States for over 35 years.  *See* Motion at ¶¶ 5–7.  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings," but to end the unlawful detention.  *Ahmed M. v. Bondi*, No. 25-cv-4711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026).  As further explained below, release—not a post-hoc bond hearing—is the only appropriate remedy.

### 2.   Violation of the Fifth Amendment's Due Process Clause

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  U.S. Const. amend. V.  It is firmly established that these protections extend to

---

[1] *See also Mosqueda v. Noem*, No. 5:25-cv-02304-CAS-BFM, 2025 WL 2591530, at *4–5 (C.D. Cal. Sept. 8, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *7–12 (N.D. Cal. Sept. 12, 2025); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1075–77 (S.D. Cal. 2025); *Rosado v. Figueroa*, No. 25-cv-02157-PHX-DLR-CDB, 2025 WL 2337099, at *6–11 (D. Ariz. Aug. 11, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1255–61 (W.D. Wash. 2025); *Barrajas v. Noem*, No. 4:25-cv-00322-SHL-HCA, 2025 WL 2717650, at *3–5 (S.D. Iowa Sept. 23, 2025); *Hasan v. Crawford*, No. 800 F. Supp. 3d 641, 651–57 (E.D. Va. 2025); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1240 (D.N.M. 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *2–3 (D. Colo. Sept. 16, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *4–8 (E.D. Mich. Sept. 9, 2024); *Leal-Hernandez v. Noem*, 803 F. Supp. 3d 409, 421–23 (D. Md. 2025); *Romero v. Hyde*, 795 F.Supp.3d 271, 280–88 (D. Mass. 2025).

noncitizens present in the United States. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). In *Mathews v. Eldridge*, the Supreme Court outlined three factors relevant for the due process inquiry: (i) the private interest, (ii) the risk of an erroneous deprivation and the value of additional procedures sought, and (iii) the government's interest, including the burdens associated with the additional procedures sought. 424 U.S. 319, 335 (1976).[2] As explained below, each of the *Mathews* factors favors Petitioner's release and his entitlement to a hearing before he may be re-detained.

### a. Private Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690. Generally, the Due Process Clause "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("The fact that a decision-making process involves discretion does not prevent an individual from having a protectable liberty interest."); *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017) (holding that re-detention after pre-parole conditional supervision requires a pre-deprivation hearing); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context).

Here, Petitioner has established a life in the United States for over 35 years—nearly half his life. His family depends on him for support. He has no criminal history. He attempted to gain legal status decades ago to no avail, yet he remained in the United States without government action. Under these circumstances, Petitioner has a substantial interest in his freedom from incarceration,

---

[2] The Supreme Court, the Ninth Circuit, and its sister circuits have consistently applied the *Mathews* test to non-citizens' due process challenges where the non-citizen has entered and been residing in the United States. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (collecting cases).

and his detention deprived him of this interest. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (petitioner had a substantial private interest in remaining out of custody where it would enable to him to "work[ ], liv[e] at home, and be[] with family and friends to form the enduring attachments of normal life"); *Ortega*, 415 F. Supp. 3d at 970 (petitioner had a substantial liberty interest where he had been released from custody for 18 months and was "living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community"); *Morrissey*, 408 U.S. at 482.

### b. Risk of Erroneous Deprivation

It is clear that the government will erroneously deprive Petitioner of his protected liberty interest if it does not provide him with a pre-detention hearing. Where, as here, "[the petitioner] has not received any bond or custody . . . hearing," "the risk of an erroneous deprivation [of liberty] is high" because neither the government nor Petitioner has had an opportunity to determine whether there is any valid basis for his detention. *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025). Civil immigration detention is permissible only to prevent flight or protect against danger to the community, *see Zadvydas*, 533 U.S. at 690, but the government has offered no evidence—including in the proceedings before this Court—that Petitioner's detention would serve either purpose. Indeed, the evidence before the Court suggests the government may have difficulty establishing such a basis. Providing Petitioner with the procedural safeguard of a pre-detention hearing will have significant value in helping ensure that any future detention has a lawful basis. Given that Petitioner was detained for over a month without a bond hearing, allowing Respondents to proceed with a post-detention bond hearing would substantially risk that Petitioner will be detained without any valid purpose for an indefinite and unreasonable period of time.

### c. Government Interest

More fundamentally, as to the third *Mathews* factor, there is no countervailing government interest that supports conducting a bond hearing only after Petitioner has been detained, rather than in advance thereof. In the proceedings before this Court, Respondents have articulated no legitimate interest that would support arresting Petitioner without a pre-detention hearing. Through his lack of

5

criminal history, continued presence in the United States for over 35 years, and established career and family life, Petitioner has demonstrated that he poses neither a danger to the community nor a flight risk. *See Jorge M.F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (Petitioner's "strong family ties and "continued employment as a driller" minimized government's concern that he is a danger or flight risk).

Respondents make no argument that Petitioner is a danger or flight risk nor have they articulated any other reason for his detention, let alone a reason for a post-detention, rather than pre-detention bond hearing. "[W]hether or not the government's existing regulations and practices provide for pre-detention bond hearings, due process requires the government to identify some interest beyond its own administrative practices to justify depriving an individual of [his] liberty without any pre-deprivation protections. Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest." *Pinchi*, 792 F. Supp. 3d at 1036.

### B.      Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "[U]nlawful detention certainly constitutes 'extreme or very serious' " injury which "is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). Moreover, the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention," including "the economic burdens imposed on detainees and their families as a result of detention." *Id*. at 995. Petitioner has articulated that he is the "primary financial support for his household and remains closely involved in the lives of his adult children and grandchildren." Motion ¶ 6. Accordingly, this factor weighs strongly in favor of granting the Motion.

### C.      Balance of Equities and Public Interest

Finally, the balance of equities and public interest "tips sharply" in favor of Petitioner. "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Fellowship of Christian Athletes*, 82 F.4th at 695 (citation omitted); *see also Valle del Sol Inc. v. Whiting*, 732

F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citation omitted)); *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Of course, the government and the public have a significant interest in the enforcement of immigration laws, but that includes an interest in "upholding procedural protections against unlawful detention." *Pinchi*, 792 F. Supp. 3d at 1037 (citation omitted). Without these procedures, the government cannot guarantee the accuracy of the outcome. *See Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 144 (W.D.N.Y. 2025) ("[F]air process—not just the correct outcome—matters. After all, without due process, there is no way to tell whether the result is in fact correct.").

## V.   CONCLUSION

For the foregoing reasons, the Court grants the Motion as follows:

- In accordance with the Court's oral order on March 20, 2026, Respondents are ordered to release Petitioner from custody forthwith.

- Respondents are enjoined and restrained from re-detaining Petitioner without immediately providing him with a pre-deprivation bond hearing before a neutral decisionmaker.[3]

---

[3] At any such hearing, consistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community."); *id.* at 786 (reiterating that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz*, 53 F.4th at 1202); *Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the government should bear the burden); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the government to bear the burden) (citing *Singh* and *Martinez*); *Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a §

7

- The parties are ordered to file a joint report regarding the status of compliance with the Court's Order no later than **March 30, 2026**.
- Respondents are ordered to disseminate this Order to the immigration agents in charge of processing Petitioner, and to place a copy of this Order in the Petitioner's A-File.

Dated: March 27, 2026

Hernán D. Vera
United States District Judge

---

1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Singh*, 638 F.3d at 1203-06); *Mendoza v. Noem, et al.*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the government should still be followed).